UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
APR 2 7 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-437-GWU

DEBORAH HIGNITE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

Hignite

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

2

Hignite

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary,

3

Hignite

778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that Hignite suffered from diabetes, a history of arthritis, a history of cervical lesion, migraines, low back pain, hypertension and a history of carpal tunnel syndrome. (Tr. 21). The associated functional restrictions were held not to prevent the performance of the plaintiff's past work as a record keeper and a factory laborer. (Tr. 20-21). Thus, benefits were denied. (Tr. 21).

The only hypothetical set of factors for which any jobs were identified as compatible were: (1) lifting 20 pounds occasionally and 10 pounds frequently and (2) could stand or walk for six hours out of eight hours. (Tr. 222). The VE specifically stated that a person with that vocational profile would be able to perform the past clerical work and the past general labor position. (Tr. 221-222).

The plaintiff argues that these limitations do not take into account her upper extremity problems. However, while Hignite was remotely treated for bilateral carpal tunnel syndrome and arthritis, she was only told to take off work for one week with the remark that her laboring position would "probably" aggravate her joint

4

symptoms. (Tr. 102).[1] An orthopedic evaluation took place in 2004 to review various musculoskeletal complaints with the result being that the plaintiff was given unspecified exercise instructions and was advised not to drive or operate heavy machinery while taking pain medication. (Tr. 201). Assuming arguendo that the driving or machinery operation was a permanent limitation, the plaintiff has not shown these were part of the work activity of her past work and, indeed, does not even mention this potential restriction.

While the plaintiff received treatment for a number of other conditions (e.g., diabetes), no treating or examining physician suggested greater specific limitations than were contained in the hypothetical question. Thus, the ALJ could reasonably rely on the opinions of the medical reviewers. (Tr. 171-180, 185-192).

The plaintiff having failed to establish an inability to return to her past work, the decision will be affirmed.

This the 27 day of April, 2005.

G. WIX UNTHANK
SENIOR JUDGE

---

[1] The plaintiff worked at another position, her clerical job, for several years after those medical comments. (Tr. 71).

5